UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher Ray CONTRERAS,
Defendant–Appellant.

No. 97–10163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1998.

Decided Feb. 25, 1998.

As Amended March 25, 1998.

Heather E. Williams, Assistant Federal Public Defender, Tucson, AZ, for defendant-appellant.

Roger L. Duncan and Virginia C. Kelly, Assistant United States Attorneys, Tucson, AZ, for plaintiff-appellee.

Before CHOY, SCHROEDER and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Christopher Ray Contreras was convicted of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and sentenced to the mandatory five-year imprisonment provided by the statute. He appeals the district court's denial of a sentencing reduction under the so-called Safety Valve, 18 U.S.C. § 3553(f)(5). He argues that he satisfied the statute by providing information to his probation officer. Holding that a probation officer is not "the Government" for the purposes of the Safety Valve, we affirm the district court.

## FACTS

On October 30, 1996, Contreras was stopped by the border patrol as he drove a truck on a forest service road south of Parker Canyon Lake, Arizona. The officer smelled marijuana, and Contreras acknowledges that it was what was hidden under wooden boards in the truck. He consented to the officer's search which disclosed 498 lbs. of marijuana. Contreras showed the officer where he had loaded the marijuana into the truck. Later in the day he told an officer, "I was just doing this to pay off my truck." Contreras barred any further questioning or discussion of the offense after he was advised of his *Miranda* rights and later refused the prosecution's request that he talk to a DEA agent selected by the prosecution as its representative for the Safety Valve debriefing.

## PROCEEDINGS

Contreras was indicted for violation of 21 U.S.C. § 841(a)(1). He entered a plea agreement with the government by which his sentence would be no more than 37 months if he were eligible for the Safety Valve reduction. In an interview with the probation officer for the preparation of the presentence report, Contreras told the officer that he had become involved through friends who were affiliated with a marijuana supplier known as Lopez and that Lopez had offered to pay him $5,000 to transport the load from Sierra Vis-

ta to Mesa, Arizona. The probation officer's presentence report treated Contreras as having qualified for the Safety Valve.

At sentencing, the government disputed Contreras' contention that he had qualified for the reduction by what he had told the probation officer. The government took the position that it was entitled to have him "talk to someone in law enforcement about his involvement in this offense." The government also expressed doubt that he was telling truthfully all that he knew. The court held that he had not qualified for the Safety Valve.

Contreras appeals.

## ANALYSIS

Under 18 U.S.C. § 3553(f) the court must sentence "without regard to any statutory minimum sentence", if at sentencing, "after the Government has been afforded the opportunity to make a recommendation", (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise; and

> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Contreras met the first four qualifications. His argument is that the probation officer is "the Government" for purposes of the fifth criterion.

The term "the Government" is used twice in § 3553(f), the first time in reference to a recommendation. In that first reference the Government's attorney is clearly the person meant. It would be strange if a different meaning was intended by "the Government" a few sentences later.

There are additional reasons for concluding that "the Government" means the government's attorney. The Safety Valve provisions have been incorporated into the Guidelines, U.S.S.G. § 5C1.2. In the commentary on the Guidelines, Application Note 8 makes a cross-reference to Fed.R.Crim.P. 32(c)(1), (3) in commenting on the government's opportunity to make a recommendation. The cross-referenced rule refers to "counsel for the government" and to the "attorney for the government".

Contreras' argument has also been made in two other circuits and rejected. *United States v. Jimenez Martinez*, 83 F.3d 488, 495 (1st Cir.1996); *United States v. Rodriguez*, 60 F.3d 193 (5th Cir.1995). By implication, although not by holding, we have already treated "the government" as the "prosecutor". *United States v. Real–Hernandez*, 90 F.3d 356, 356–61 (9th Cir.1996). We now make explicit our agreement with the other circuits that have considered the issue.

AFFIRMED.