FILED
United States Court of Appeals
Tenth Circuit

**March 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MARCOS A. CERVANTES, also
known as Marco Antonio Cervantes,

     Defendant - Appellant.

No. 06-4172

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:05-CR-00204-TC)**

---

Elizabethanne C. Stevens, Assistant United States Attorney (Brett L. Tolman,
United States Attorney, on the brief), Salt Lake City, Utah, for Plaintiff -
Appellee.

Scott Keith Wilson, Assistant Federal Defender (Steven B. Killpack, Utah Federal
Defender, on the briefs), Salt Lake City, Utah, for Defendant - Appellant.

---

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**BRISCOE**, Circuit Judge.

---

**KELLY**, Circuit Judge.

---

     Defendant-Appellant Marcos A. Cervantes pled guilty to one count of

possession of methamphetamine with intent to distribute and was sentenced to the

statutory minimum 120 months' imprisonment followed by five years of supervised release. 21 U.S.C. § 841(a)(1), (b)(1)(A). On appeal, Mr. Cervantes challenges the district court's refusal to grant him a "safety-valve" adjustment so that he might be sentenced within the advisory guideline range below the statutory minimum. 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## Background

Mr. Cervantes's conviction stemmed from an arrest based upon information from a confidential informant. In February 2005, narcotics agents arranged a methamphetamine transaction by calling a telephone number supplied by the informant. The transaction was to take place in a Wal-Mart parking lot in Orem, Utah on February 14, and the agents established surveillance in the area prior to the appointed time. That day, someone drove a black Toyota Camry registered to Arturo Maldonado into the Wal-Mart parking lot. Agents called the telephone number and the person answering offered to meet in the parking lot of the nearby McDonald's restaurant. The agents then observed Mr. Cervantes exit the vehicle and walk to the McDonald's where he entered the restroom there and made a second call.

The driver of the Camry, later identified as Jesus Garcia-Fernandez, along with passengers Vanessa Tovar and Ms. Tovar's two-year-old child, drove to the

- 2 -

McDonald's parking lot and picked up Mr. Cervantes. The police stopped the vehicle a short time later and, after a canine sniff, discovered one pound of methamphetamine along with the telephone that agents called to arrange the transaction. According to the presentence report, Mr. Cervantes admitted that he was delivering drugs for Mr. Maldonado on February 14 and that he had done so on one previous occasion. He pled guilty to one count of possession of methamphetamine with intent to distribute on February 21, 2006.

At sentencing, the parties disputed whether Mr. Cervantes qualified for the "safety-valve" adjustment which required him to tell the authorities all that he knew pertaining to his crime. The government contended that Mr. Cervantes was not truthful when he was debriefed. Counsel for Mr. Cervantes then called for a bench conference which was held off-the-record; we do not know what was said there. After this conference, Mr. Cervantes's counsel called for the district court to make findings that Mr. Cervantes gave the government all the information that he knew and that he qualified for the safety valve. Mr. Cervantes apparently did disclose the identity of the person who was his dinner companion and hired him to deliver the contraband. The government responded that "his responses were not truthful in light of the investigation that took place," and the district judge concluded that "based on the record before me and what has been represented, I find that you do not qualify for the final prong of the safety valve."

Discussion

Under the safety-valve provision, a defendant may be sentenced pursuant to an advisory guideline range if the district court finds that (1) he does not have more than one criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) he was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) not later than the time of the sentencing hearing, he has truthfully provided to the Government all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan. 18 U.S.C. 3553(f); U.S.S.G. § 5C1.2. The only dispute on appeal concerns the fifth prong—whether Mr. Cervantes truthfully disclosed all information of which he was aware. Aplt. Br. at 7; Aplee. Br. at 13.

We review a district court's factual determination on safety-valve eligibility for clear error, including whether a defendant has provided the government with complete and truthful information. United States v. Altamirano-Quintero, 511 F.3d 1087, 1098 (10th Cir. 2007). A district court's legal interpretation guiding its application of the safety-valve provision is reviewed de novo. United States v. Stephenson, 452 F.3d 1173, 1180 (10th Cir. 2006). A

defendant has the burden to prove that he or she qualifies for the safety valve by a preponderance of the evidence. Altamirano-Quintero, 511 F.3d at 1098. Concerning factual matters, we will reverse only where the district court's findings are either without support or leave us with a definite and firm conviction that they are incorrect. United States v. Burridge, 191 F.3d 1297, 1301 (10th Cir. 1999).

The only issue raised by Mr. Cervantes is "[w]hether the district court erred in relying solely upon the representations of the prosecutor in making its finding that Mr. Cervantes did not qualify for safely valve consideration." Aplt. Br. at 1. Although Mr. Cervantes, in his arguments in support of this issue, asks us to focus on alleged failings of the district court in not requiring the government to support its assertion that Mr. Cervantes's disclosure was incomplete and not making fact findings to support its conclusion that Mr. Cervantes was not eligible for the safety-valve adjustment, we look first to whether Mr. Cervantes has satisfied his burden of showing the district court that he has provided complete and accurate information to the government. We conclude Mr. Cervantes has failed to meet his burden.

Mr. Cervantes argues that he met the fifth prong of the safety valve by providing information that "appears on its face to be honest and complete." Id. at 5. "[T]he government must present some evidence to show that the defendant has not been forthcoming in order to prevent application of the safety valve," he

contends, which it failed to do. Id. We recently rejected a similar argument. In Altamirano-Quintero, the defendant argued that his stipulations in the plea agreement were sufficient to satisfy the fifth prong because they were truthful. 511 F.3d at 1098. We noted that there were "obvious informational gaps" in the facts the defendant disclosed pertaining to the acquisition or planned disposition of contraband and the identities of other participants, however, and that in any event he had the affirmative responsibility to show that he was truthful and completely disclosed all he knew, or at least to explain why his disclosures were not complete. Id. at 1098.

The government suggests that others present with Mr. Cervantes in the vehicle were somehow involved and that Mr. Cervantes never identified the "source" of the methamphetamine. Mr. Cervantes complains that this argument was never factually developed and now comes too late. The short answer is that the government did not have the burden, Mr. Cervantes did, and he failed to carry it.

Indeed, given that Mr. Cervantes had the burden of proof, the district court had little in his favor before it. Mr. Cervantes's counsel reported on his client's disclosure; the government reported that Mr. Cervantes was not truthful in light of its investigation and that he was fearful about disclosure. III R. at 4. Once the government objected to his eligibility for the safety valve, it was incumbent on Mr. Cervantes to offer proof that he "provided to the Government all information

- 6 -

and evidence" he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); see Stephenson, 452 F.3d at 1179. In such a situation (and absent a stipulation), an evidentiary hearing, on the record, is necessary for the district court to make findings that the defendant has truthfully provided the government all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan.

Mr. Cervantes suggests that the facts contained in the presentence report are sufficient for the district court to conclude he disclosed all that he knew. We disagree. The presentence report may not be considered as "information and evidence" provided to the government for the purposes of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5) because "Government" clearly means "prosecuting authority," or Assistant U.S. Attorney, and not a probation officer. See 18 U.S.C. § 3553(f) (district court may only sentence defendant without regard to statutory minimum sentence "after the Government has been afforded an opportunity to make a recommendation" and defendant can only receive benefit of safety valve after he "has truthfully provided to the Government all information and evidence" he has "concerning the offense or offenses").

In making this determination, we join the First, Second, Fourth, Fifth, Seventh, and Ninth Circuits in ruling that a probation officer is not the government for the purposes of the safety valve. "We agree with our sister

circuits and hold that a defendant does not meet the requirements of the 'safety valve' provision merely by meeting with a probation officer during the presentence investigation." United States v. Woods, 378 F.3d 342, 351 (4th Cir. 2004); see Emezuo v. United States, 357 F.3d 703, 706 n.2 (7th Cir. 2004); United States v. Contreras, 136 F.3d 1245, 1246 (9th Cir. 1998); United States v. Jimenez Martinez, 83 F.3d 488, 495-96 (1st Cir. 1996); United States v. Rodriguez, 60 F.3d 193, 195-96 (5th Cir. 1995); see also United States v. Smith, 174 F.3d 52, 56 (2d Cir. 1999) (holding defendant did not comply with fifth prong of safety valve when he participated in a presentence interview but did not meet with anyone from U.S. Attorney's office).

We have seen far too many cases where the district court is asked to grant a safety-valve request over the objection of the prosecution based upon the representations of counsel. Rarely will this ever be sufficient. Although representations from counsel may be sufficient to acquaint the district court with the underlying and uncontested facts, they are insufficient in the absence of stipulations, particularly from the defendant's vantage point. Credibility determinations cannot be based upon which lawyer is more believable. Absent a favorable recommendation from the government, a defendant needs to put on evidence at the sentencing hearing to meet his burden of showing that he truthfully and fully disclosed everything he knew and to rebut government claims to the contrary. This evidence may include proffer documents, stipulated facts,

or, in all likelihood, testimony from the defendant or a representative of the government subject to cross-examination. Security precautions may be taken if necessary. It is axiomatic that he who has the burden of proof must put on <u>some evidence</u> at a sentencing hearing to allow the district court to find, by a preponderance of the evidence, that he is eligible for the safety-valve adjustment. On this minimal record, we find no reversible error.

AFFIRMED.