**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARTIN GONZALEZ-AMBRIZ,

     Defendant-Appellant.

No. 08-4074
(District of Utah )
(D.C. No. 2:07-CR-445-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

In a two-count indictment filed in the United States District Court for the District

of Utah, Martin Gonzalez-Ambriz ("the defendant") was charged as follows: Count I,

possession with intent to distribute methamphetamine in violation of 21 U.S.C.

§841(a)(1) and Count II, possession of a firearm by an illegal alien in violation of 18

U.S.C. §922(g)(5).

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant pled guilty to both counts and a Presentence Report ("PSR") was prepared using the 2007 Guidelines. Defendant's base offense level was 32, he received a two level increase under §2D1.1(b)(1) for possessing a firearm, and a three level reduction for acceptance of responsibility. With zero criminal history points, the Guideline range was 108-135 months. However, because of a mandatory statutory minimum for the drug offense, the resulting Guideline range was 120-135 months. Defendant filed a Motion for Downward Departure stating that he did not object to the findings in the PSR but objected to the two-level increase for possessing a firearm and also requested relief under the "safety valve provision" in §5C1.2. The court disagreed with defendant, ruling that the enhancement applied and that defendant was not eligible for safety valve relief. Defendant was sentenced to 120 months imprisonment followed by 60 months supervised release.

On appeal, defendant's only argument is that the district court erred in finding him ineligible for a downward departure pursuant to the safety valve provision in USSG §5C1.2. We disagree.

Defendant made several sales of methamphetamine to an undercover officer and pursuant to a search warrant, his apartment, which was shared with his wife and another family, was searched. In the defendant's bedroom, officers found several bags of methamphetamine, cutting agent, scales and other drug paraphernalia. In the bedroom closet, an unloaded Raven .25 caliber handgun was found along with a large sum of cash, and small amounts of methamphetamine in jacket pockets.

On appeal, defendant does not dispute the court's finding that the circumstances surrounding his constructive possession of the handgun were sufficient to qualify him for the enhancement but only contends that the court erred in finding defendant was ineligible for a downward departure. USSG §5C1.2 provides that the court shall impose a sentence below a statutory minimum if the defendant meets five criteria. At issue is whether "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon <u>in connection with the offense.</u>" (Emphasis added) . Defendant argues that although the gun was possessed "proximate to" the offense, it was not possessed "in connection with the offense." As support for this, defendant states that the gun was not owned by him, it was not loaded at the time of the search, and no ammunition was located in the apartment. The defendant concedes that he has the burden of establishing by a preponderance of the evidence that he satisfies the criteria in the "safety valve provision." *See United States v. Cervantes*, 519 F.3d 1253 (10th Cir. 2008). At sentencing the court discussed the application of the safety valve provision and stated that:

> ...the firearm was found in the defendant's bedroom. It was found within the same areas as a set of scales, methamphetamine, packing material, cutting agent, and cash. From this, the Court finds that the defendant has not met his burden to show that he did not possess the firearm in connection with the offense. Therefore, the Court will not apply the safety valve provision.

We review a district court's determination that a defendant is not eligible for safety valve relief for clear error, giving due deference to its application of the Guidelines

to the facts.  *United States v. Payton*, 405 F.3d 1168, 1170 (10th Cir. 2005).  The district court correctly applied our case law concerning the application of the safety valve reduction in finding that the defendant did not meet his burden by a preponderance of the evidence to demonstrate he meets all five criteria under USSG §5C1.2.   We have held that the "mere propinquity of the weapons and drugs suggests a connection between the two."  *Payton,* 405 F.3d at 1171.  "A firearm's proximity and potential to facilitate the offense is enough to prevent application of USSG §5C1.2."  *United States v. Hallum*, 103 F.3d 87, 89 (10th Cir. 1996).  Here, the firearm was located in defendant's bedroom closet close to drugs, money, and other drug paraphernalia.  There was also evidence that the district court chose to credit that defendant admitted ownership of the firearm.  The district court did not err in finding that defendant failed to establish his eligibility for the safety valve.

We affirm.


ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge