**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 2, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JUAN GOMEZ-LUGO,

　　　　Defendant-Appellant.

No. 10-2104

(D. of N.M.)

(D.C. No. CR-09-310-BB)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN, McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Juan Gomez-Lugo, a federal prisoner, challenges his sentence arguing the district court committed clear error in denying a safety-valve adjustment and that his counsel was ineffective. The district court sentenced Gomez-Lugo to ten years' imprisonment after he pleaded guilty to one count of possession of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

methamphetamine with intent to distribute.  We have jurisdiction to hear his appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Gomez-Lugo's counsel has filed an *Anders* brief stating the possible issues that could be raised on appeal and explaining why the appeal ultimately has no merit.  *See Anders v. California*, 386 U.S. 738 (1967).  After thoroughly reviewing the record, we agree that Gomez-Lugo has no non-frivolous arguments on appeal.[1]

We therefore GRANT the motion to withdraw and DISMISS the appeal.

## I.  Background

Gomez-Lugo pleaded guilty pursuant to a plea agreement.  At the change-of-plea hearing, the district court carefully explained to Gomez-Lugo and his counsel the charges against him, including the elements of the crime.  He then admitted the facts necessary for his guilty plea, disclosing that he knowingly and voluntarily possessed with intent to distribute 219 grams of pure methamphetamine.

Gomez-Lugo faced a statutory sentence of ten years to life and a mandatory term of supervised release of at least five years following any term of

---

[1]  As the government argues, Gomez-Lugo may have waived his right to appeal altogether.  *See* R., Vol. 1 at 12 (Gomez-Lugo Plea Agreement).  According to Gomez-Lugo's counsel, however, Gomez-Lugo did not waive appellate rights because he did not "knowingly and voluntarily" effect his waiver, and because the government did not affirmatively enforce the plea agreement.  Because Gomez-Lugo's appeal presents no meritorious arguments, we need not decide whether he waived his appellate rights.

imprisonment. The presentence investigation report (PSR) calculated his total offense level to be 31 and his criminal history category to be I. The guideline range for this calculation was 108–135 months. Because the statute of conviction requires a minimum term of 10 years, however, the guideline imprisonment range was 120–135 months. Gomez-Lugo qualified for a three-level reduction pursuant to United States Sentencing Guidelines (USSG) § 3E1.1 for accepting responsibility for his offense. He was not, however, entitled to a safety-valve adjustment under USSG § 5C1.2, because the district court found that Gomez-Lugo had not truthfully provided the government with all information and evidence he had concerning the offense.

## II. Discussion

Gomez-Lugo has no meritorious arguments on appeal. Under *Anders*, 386 U.S. at 744, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Gomez-Lugo's counsel raises two potential issues but concluded they are frivolous: (1) whether the district court erred in not finding him eligible for a safety-valve adjustment under 18 U.S.C. § 3553(f) and USSG § 5C1.2(a); and (2) whether he is entitled to relief under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). Under *Padilla*, an attorney's failure to advise a non-citizen defendant of the immigration consequences of pleading guilty to a crime can constitute ineffective

assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). A thorough review of the record confirms these issues are without merit.

We review for clear error the district court's determination that Gomez-Lugo was not eligible for safety-valve relief. *United States v. Cervantes*, 519 F.3d 1254, 1256 (10th Cir. 2008). After a thorough review of the record, we find there is nothing to suggest the district court clearly erred in denying Gomez-Lugo a safety-valve adjustment. To qualify for the safety valve, a defendant must "truthfully provide[] the Government all information and evidence that the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5); USSG § 5C1.2(a). It was Gomez-Lugo's burden to prove by a preponderance of the evidence that he was entitled to the safety-valve adjustment. *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1098 (10th Cir. 2007), *cert. denied*, 553 U.S. 1019 (2008).

In his debriefing, Gomez-Lugo acknowledged his own complicity in the offense but offered few details about his co-conspirators. Gomez-Lugo told the government that he worked for "Gato," but he provided very little information that would help the government identify or locate Gato. Gomez-Lugo gave no reason why his statements were so limited, and the district court "[did not] find the defendant's testimony to be fully forthright and convincing." R., Vol. 3 at 27.

Gomez-Lugo cannot overcome the trial court's determination that he failed to make a complete and truthful disclosure concerning his offense.

The record is also clear that Gomez-Lugo is not entitled to relief under *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010), for his counsel's purported failure to advise him about the immigration consequences to his plea. We have consistently held that "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)) (quotation marks omitted). Indeed, on direct appeal, the record is not developed with the purpose of showing counsel's competence, and the district court has not yet had an opportunity to consider counsel's effectiveness. *See Massaro v. United States*, 538 U.S. 500, 505–06 (2003).

But in this case, even though the record is insufficiently developed to reveal whether Gomez-Lugo's lawyer's professional conduct was deficient, it is clear that any purported error was not prejudicial. *See Strickland*, 466 U.S. at 688, 694 (1984). Gomez-Lugo was plainly made aware that he could be deported, whether or not he pleaded guilty. The PSR, which Gomez-Lugo read and reviewed in Spanish, states that Gomez-Lugo "is a citizen and national of Mexico with no legal authority to be in or reside [in] the United States" and, further, that

"[h]e plans to live with family after he is deported as a result of the instant criminal conduct." R., Vol. 2 at 8 (PSR). Given Gomez-Lugo's awareness that he would be deported, he cannot establish prejudice under *Strickland*.

### III. Conclusion

After an independent review of the record, we agree that any potential issue to be raised on appeal would be "wholly frivolous." *Anders*, 386 U.S. at 744. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge