**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLARISSA WILLIAMSON, also known as
Clarissa Lewis,

    Defendant - Appellant.

No. 08-3190
(D.C. No. 93-CR-20048-02-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Clarissa Williamson challenges the district court's order

denying her motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

Exercising our jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and

affording solicitous consideration to Ms. Williamson's pro se filings, *see Van Deelen v.*

*Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), we affirm.

---

[*]    This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1. After examining the briefs and the appellate record, this three-judge panel has
determined unanimously to honor the parties' request for a decision on the briefs without
oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted
without oral argument.

In October 1993, a jury convicted Ms. Williamson of six counts of distribution and conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court adopted the presentence report's drug quantity and other findings, which computed Ms. Williamson's base offense level and, without further adjustments, her total offense level to be 40 under the United States Sentencing Guidelines Manual ("U.S.S.G."). A total offense level of 40, combined with Ms. Williamson's criminal history category of Category III, resulted in an applicable Guidelines range of imprisonment for 360 months to life. The district court imposed a total sentence of 360 months.

This Court affirmed her conviction and sentence on appeal. *See United States v. Williamson*, 53 F.3d 1500 (10th Cir. 1995). Ms. Williamson soon thereafter filed a motion in the district court to modify her sentence pursuant to the retroactive application of Amendment 505 of the Guidelines,[1] which the district court granted. Amendment 505 applied to reduce Ms. Williamson's base offense level from 40 to 38, which resulted in a new applicable Guidelines range of 292 to 365 months' imprisonment. The district court reduced Ms. Williamson's sentence to 292 months.

Most recently, Ms. Williamson filed a motion in district court under 18 U.S.C. § 3582(c)(2) for a sentence reduction pursuant to Amendment 706 of the Guidelines. In her

---

[1]     "On November 1, 1994, the Sentencing Commission adopted Amendment 505, which reduced the upper level for all drug sentences to 38. U.S.S.G.App. C, Amendment 505." *United States v. Pedraza*, 550 F.3d 1218, 1219 (10th Cir. 2008). A year later the Commission made the new limit retroactive by promulgating Amendment 536. *Id.*

motion, Ms. Williamson also requested a resentencing hearing and a further reduction of her sentence in light of the 18 U.S.C. § 3553(a) factors and *United States v. Booker*, 543 U.S. 220 (2005). The district court denied this motion, and this appeal followed.

We review de novo the district court's scope of authority in a resentencing proceeding under 18 U.S.C. § 3582(c)(2) as well as its interpretation of a statute or the Guidelines. *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008), *petition for cert. filed*, 08-8318 (U.S. Jan. 21, 2009); *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). We review the district court's decision to deny a reduction in sentence under § 3582(c)(2) for an abuse of discretion. *Sharkey*, 543 F.3d at 1238. "When a motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (alterations in original) (internal quotation marks omitted).

On appeal, Ms. Williamson first contends that the district court abused its discretion in concluding that Amendment 706 did not authorize a reduction in sentence pursuant to § 3582(c)(2).[2] "The Guidelines, through Amendment 706, generally adjust downward by two levels the base offense level assigned to quantities of crack cocaine." *Id.* at 1237. As correctly explained by the district court, however, Ms. Williamson is not entitled to a reduction in sentence under Amendment 706. A reduction in sentence is only authorized under 18 U.S.C. § 3582(c)(2) if the Amendment has "the effect of lowering

_____

[2] Although the district court order indicates that Ms. Williamson additionally argued for a sentence reduction under Amendment 709 of the Guidelines, R., Vol. I, Doc. 526, at 2 (Mem. & Order, dated July 7, 2008), she does not raise this argument on appeal.

-3-

the defendant's applicable guideline range." *Id.* at 1239 (internal quotation marks omitted). Prior to her § 3582(c)(2) motion (but after her sentence was modified in 1996), Ms. Williamson's base offense level was 38—predicated upon the district court's finding of a drug quantity of 5.75 kg of crack cocaine. Now, post-Amendment 706, a defendant responsible for 4.5 kg or more of crack cocaine receives a base offense level of 38.[3] *See* U.S.S.G. § 2D1.1(c)(1) (2007). Because the original sentencing court had concluded that Ms. Williamson was responsible for more than 4.5 kg of crack cocaine, Amendment 706's modification to the drug quantity thresholds did not alter Ms. Williamson's base offense level; it remained at 38. That offense level, when combined with her criminal history category, determined Ms. Williamson's applicable Guidelines range. Therefore, having no effect on her base offense level, Amendment 706 did not have the effect of lowering Ms. Williamson's applicable Guidelines range. Consequently, the district court was not authorized to reduce Ms. Williamson's sentence. *See Sharkey*, 543 F.3d at 1239.

Ms. Williamson appears to concede that given the drug quantity as calculated by the district court, Amendment 706 does not work to adjust her base offense level downward. Accompanying Ms. Williamson's Amendment 706 argument, however, is her contention that a resentencing hearing and reduction in sentence is necessary because the district court erroneously included an additional two kilograms of crack cocaine in calculating the drug quantity attributable to her. According to Ms. Williamson, that

---

[3] Although the district court order referred to the offense level under Amendment 706 as 40 rather than 38, it is clear from the surrounding discussion that this was a typographical error that did not affect the analysis.

amount would not have been included had the district court properly considered certain 18 U.S.C. § 3553(a) factors and so reconsideration of those factors is warranted. But because a § 3582(c)(2) modification proceeding is not a full resentencing, *Rhodes*, 549 F.3d at 840, the district court "had no occasion to consider the 18 U.S.C. § 3553(a) factors." *Sharkey*, 543 F.3d at 1239; *cf. United States v. Williams*, 290 F. App'x 133, 136 (10th Cir. 2008) (noting that a defendant cannot use a § 3582(c)(2) motion to "collaterally attack his sentence" and the defendant was attempting to do that because "[b]y challenging the quantity of drugs calculated by the sentencing court, [defendant] is attempting to use his § 3582(c)(2) motion as a vehicle to challenge the substance of, or the proceedings that determined, his original sentence"). Moreover, Ms. Williamson previously raised a similar drug quantity argument on direct appeal, and we found that the district court's calculation of the drug quantity attributable to her was not clearly erroneous. *See Williamson*, 53 F.3d at 1528-29.

Finally, Ms. Williamson argues that the district court's refusal to reconsider her sentence or grant her a hearing ran afoul of *Booker* and *Kimbrough v. United States*, 128 S. Ct. 558 (2007). This argument is likewise meritless, because *Booker* and *Kimbrough* do not provide a separate basis for relief under § 3582(c)(2). *Sharkey*, 543 F.3d at 1239; *see also Rhodes*, 549 F.3d at 839 ("*Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2).").

## CONCLUSION

For the reasons outlined herein, we **AFFIRM**.

Entered for the Court

Jerome A. Holmes
Circuit Judge