**UNITED STATES COURT OF APPEALS**

**May 6, 2009**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IRVING RENE HENRIQUEZ-
SERRANO,

Defendant-Appellant.

No. 09-3003

(D. of Kan.)

(D.C. Nos. 6:08-CV-01317-MLB and
6:07-CR-10050-MLB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Irving Rene Henriquez-Serrano appeals the district court's denial of his

motion seeking a reduction of his sentence.  Because we find that Henriquez-

Serrano did not bring a motion pursuant to 28 U.S.C. § 2255, and because he is

---

[*]  This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**]  After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

not eligible for relief under 18 U.S.C. § 3582(c), we AFFIRM the denial of his petition and dismiss this appeal.

## I. Background

Henriquez-Serrano pleaded guilty to an illegal reentry charge under 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to 46 months' imprisonment. Henriquez-Serrano did not file an appeal. Instead, he filed a pro se motion for reduction of his sentence, in which he indicated that he sought relief under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c). In his motion, Henriquez-Serrano argued a denial of his equal protection and due process rights, alleging in particular, that as a non-citizen of the United States, he could not obtain certain sentencing benefits available to citizens, including obtaining a reduction in sentence through participation in a drug rehabilitation program and placement in a half-way house. To remedy this alleged discrimination, he asked the court to grant a reduction in his sentence.

The district court denied the motion. First, the court explained that Henriquez-Serrano's motion sought a reduction in his sentence pursuant to 28 U.S.C. § 2255; however, the court found that none of Henriquez-Serrano's allegations supported relief under that statute. Second, the court concluded that 18 U.S.C. § 3582(c)(2) permits a court to modify a sentence only under very limited circumstances, none of which existed in Henriquez-Serrano's case.

## II. Analysis

Because of his status as a pro se litigant, we construe Henriquez-Serrano's filing liberally. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

As an initial matter, we decline to construe his motion under 28 U.S.C. § 2255. Despite the fact that Henriquez-Serrano claimed he was proceeding under 28 U.S.C. § 2255, as well as under 18 U.S.C. § 3582, we do not view his motion as constituting a collateral attack on his underlying conviction or sentence as imposed by the court. A 28 U.S.C. "§ 2255 petition attacks the legality of detention," rather than the execution of a sentence. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (citation omitted); *see* 28 U.S.C. § 2255 (establishing that a federal prisoner can challenge a sentence as a violation of the Constitution or laws of the United States, as imposed by a court without jurisdiction, as beyond the maximum permitted by law, or as otherwise subject to collateral attack).

Instead, he contends he properly lodged his motion under 18 U.S.C. § 3582. Consequently, viewing his pro se filing liberally, and to avoid prejudicing a future 28 U.S.C. § 2255 habeas petition, we decline to construe his filing under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary

dismissal, . . . to avoid inappropriately stringent application of formal labeling requirements, . . . or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."); *United States v. Martin*, 357 F.3d 1198, 1199–1200 (10th Cir. 2004) (explaining that a court should not characterize a pro se litigant's motion as a request for relief under 28 U.S.C. § 2255 unless the court warns the litigant of the consequences of having any future 28 U.S.C. § 2255 petition be successive and subject to the ensuing rigorous restrictions, and the court affords the litigant an opportunity to withdraw or amend his motion) (citing *Castro*, 540 U.S. at 382).

We turn to 18 U.S.C. § 3582. *See United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) ("When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'") (citation omitted). Section 3582(c) permits a district court to modify a sentence in only three limited circumstances: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the United States Sentencing Commission. *Id.* at 1239; 18 U.S.C. § 3582(c). Henriquez-Serrano's arguments do not implicate any of these circumstances—his sole contention is that he has been denied eligibility in certain prison programs that may reduce his sentence.

Finally, Henriquez-Serrano gets no solace by pointing to the sentencing factors of 18 U.S.C. § 3553 to support his motion for a reduction of his sentence. "[C]lear and significant differences" exist between original sentencing proceedings, which are governed by 18 U.S.C. § 3553, and sentence modification proceedings, governed by 18 U.S.C. § 3582(c).[1] *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008); *see also United States v. Williamson*, No. 08-3190, 2009 WL 500673, at *2 (10th Cir. Mar. 2, 2009) ("[B]ecause a § 3582(c)(2) modification proceeding is not a full resentencing, *Rhodes*, 549 F.3d at 840, the district court 'had no occasion to consider the 18 U.S.C. § 3553(a) factors.' *Sharkey*, 543 F.3d at 1239."). This argument provides no support for relief under 18 U.S.C. § 3582.

To the extent Henriquez-Serrano is referring to language in 18 U.S.C. § 3582(c)(2), his contention is still meritless. Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements

---

[1] We also decline to view Henriquez-Seranno's reference to 18 U.S.C. § 3553—inserted as support for his argument that the district court erred in construing his motion as one under 28 U.S.C. § 2255 rather than 18 U.S.C. § 3582—as rendering this a 28 U.S.C. § 2255 petition challenging his underlying sentence.

issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Henriquez-Serrano makes no argument that the applicable sentencing range has been lowered by the Sentencing Commission. *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006) ("By the terms of the statute, then, the court only has authority to modify a sentence when the range has been lowered 'by the Sentencing Commission.'") (citing 18 U.S.C. § 3582). Therefore, Henriquez-Serrano is not entitled to a sentence reduction either under 18 U.S.C. § 3582(c)(2) or 18 U.S.C. § 3553. *See Sharkey*, 543 F.3d at 1239 (explaining that because the Amendment at issue had no effect on the guideline Sharkey was sentenced under, Sharkey's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) was properly denied, and consequently "[t]he district court did not resentence Sharkey and therefore had no occasion to consider the 18 U.S.C. § 3553(a) factors").[2]

\*　　　　\*　　　　\*

For the foregoing reasons, we AFFIRM the denial of Henriquez-Serrano's motion and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[2] Additionally, although not addressed by the district court in its order, it appears from the record that Henriquez-Serrano waived the ability to collaterally attack his sentence under 28 U.S.C. § 2255, or to seek a reduction in his sentence under 18 U.S.C. § 3582(c)(2). *See* Dist. Ct. R.10, May 8, 2007, Plea Agreement, at 6.