FILED
United States Court of Appeals
Tenth Circuit

September 25, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL CHAVIRA-NUNEZ,

    Defendant - Appellant.

No. 12-1195
(D.C. No. 1:10-CR-00316-JLK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

Defendant-Appellant Joel Chavira-Nunez was found guilty of federal drug charges

and sentenced to 120 months of imprisonment. On appeal, Mr. Chavira-Nunez

challenges the district court's refusal to grant him a "safety-valve" adjustment that would

have allowed a sentence below the statutory minimum. 18 U.S.C. § 3553(f); U.S.S.G.

---

[*] After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 5C1.2. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. BACKGROUND

Mr. Chavira-Nunez's conviction stemmed from an arrest for the sale of two ounces of cocaine to a confidential informant on February 13, 2008, and the sale of four ounces of methamphetamine to an undercover agent on January 13, 2009. After a trial in the District of Colorado, a jury convicted Mr. Chavira-Nunez on one count of distribution and possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and one count of distribution and possession with the intent to distribute a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Based on the presentence report showing a total offense level of 32 and a criminal history category of I, Mr. Chavira-Nunez's advisory Guidelines range was 121-151 months for each count. He received 120-month concurrent sentences on each count.

At sentencing, the parties disputed whether Mr. Chavira-Nunez qualified for the safety-valve adjustment, which required him to tell the Government everything he knew pertaining to his crime. The prosecutor explained that she had received a proffer letter from Mr. Chavira-Nunez's counsel a few days before the sentencing hearing, purporting to disclose the names of Mr. Chavira-Nunez's drug buyers and sellers. The prosecutor reported that she and the case agent had determined the letter did not contain a complete and accurate statement and that the agent was available to testify if Mr. Chavira-Nunez

objected to this representation. The prosecutor also indicated that Mr. Chavira-Nunez had the burden to show that his statement was truthful and complete. Counsel for Mr. Chavira-Nunez offered the proffer letter to the court. He also spoke of his several conversations with his client and stated that the two people named in the letter—Mr. Chavira-Nunez's supplier and someone to whom he had sold drugs—were the only ones who had engaged in drug transactions with Mr. Chavira-Nunez. The judge concluded that Mr. Chavira-Nunez had not made a sufficient showing to receive the safety-valve adjustment.

## II.   DISCUSSION

The safety-valve provision allows the district court to issue a sentence below the guideline range if it finds that

> (1) [the defendant] does not have more than one criminal history point; (2) he did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) he was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) *not later than the time of the sentencing hearing, he has truthfully provided to the Government all information and evidence he has concerning the offense that were part of the same course of conduct or of a common scheme or plan.*

*United States v. Cervantes*, 519 F.3d 1254, 1256 (10th Cir. 2008) (emphasis added) (citing 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2). The only question here is whether Mr. Chavira-Nunez's disclosure to the Government was truthful and complete under the fifth element of the test.

We review the district court's factual determination on safety-valve eligibility—including the court's finding as to whether a defendant has provided the Government with complete and truthful information—for clear error. *United States v. Altamirano-Quintero*, 511 F.3d 1087, 1098 (10th Cir. 2007); *United States v. Burridge*, 191 F.3d 1297, 1301 (10th Cir. 1999) ("We will not disturb the court's factual findings unless they are without support in the record, or unless after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." (quotation omitted)). We review the district court's legal interpretation guiding its application of the safety-valve provision de novo. *United States v. Stephenson*, 452 F.3d 1173, 1180 (10th Cir. 2006).

Mr. Chavira-Nunez claims that, instead of making independent findings of fact and conclusions of law, the district court erred by relying on the prosecutor's determination that Mr. Chavira-Nunez did not qualify for a safely-valve adjustment. He argues that the district court's failure to explain what was untruthful or incomplete in his counsel's letter makes it impossible for him to offer facts or arguments to the contrary.

We reject these arguments as failing to account that Mr. Chavira-Nunez had the burden of proving to the district court that he "provided to the Government all information and evidence" he had "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); *see Altamirano-Quintero*, 511 F.3d at 1098; *Stephenson*, 452 F.3d at 1179. Mr. Chavira-Nunez failed to meet this burden.

-4-

Mr. Chavira-Nunez further contends that the letter from his defense counsel proffering his safety-valve statement and his counsel's statement at the sentencing hearing were sufficient proof for the district court to conclude he disclosed all that he knew. He argues that the court should have rejected the Government's determination that he was not sufficiently forthcoming and relied instead on his counsel's statements to conclude that he has provided truthful and complete information.

These arguments also are unavailing because representations of counsel alone are generally not sufficient to grant a request for a safety-valve adjustment. *Cervantes*, 519 F.3d at 1258 ("Although representations from counsel may be sufficient to acquaint the district court with the underlying and uncontested facts, they are insufficient in the absence of stipulations, particularly from the defendant's vantage point. Credibility determinations cannot be based upon which *lawyer* is more believable.") The defendant must present evidence at the sentencing hearing disproving Government claims that he failed to truthfully and fully disclose everything he knew: "This evidence may include proffer documents, stipulated facts, or, in all likelihood, testimony from the defendant or a representative of the government subject to cross-examination." *Id.*

Mr. Chavira-Nunez's defense counsel offered only the same statement that he wrote and presented to the Government, along with his personal opinion that it was complete. He failed to present any other evidence disproving the Government's contention that the statement was incomplete or inaccurate. He did not challenge the Government's contention or request testimony from the government agent. Given that

Mr. Chavira-Nunez had the burden of proof, the district court had only a defense counsel proffer before it, and the Government contested it.  On this minimal record, we find no reversible error by the district court.

## III.    CONCLUSION

Because the record does not show that the district court erred in finding that Mr. Chavira-Nunez failed to establish his eligibility for the safety-valve exception, we affirm his sentence.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge