FILED
United States Court of Appeals
Tenth Circuit

June 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL CHAVIRA-NUÑEZ,

Defendant - Appellant.

No. 14-1018
(D.C. Nos. 1:13-CV-02489-JLK and
1:10-CR-00316-JLK-1)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Appellant Joel Chavira-Nuñez seeks a certificate of appealability to appeal the

district court's denial of his 28 U.S.C. § 2255 habeas petition.

Following a jury trial, Appellant was convicted on federal drug charges and

sentenced to the mandatory minimum term of 120 months' imprisonment. The district

court's denial of safety-valve relief was affirmed by this court on direct appeal. *United

States v. Chavira-Nuñez*, 496 F. App'x 885 (10th Cir. 2012). The evidence introduced at

trial included evidence that Appellant personally sold drugs to a confidential informant

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and undercover agent and agreed to sell them additional quantities later.

On September 12, 2013, Appellant filed a timely § 2255 motion in which he raised two claims. First, he claimed appellate counsel was ineffective for failing to raise on appeal an argument regarding the district court's decision to disqualify Appellant's counsel of choice based on his former representation of an individual who was a confidential source in Appellant's case. Second, Appellant claimed he was ineffectively represented during the plea-bargaining process because "[d]efense counsel without seeing the need to discuss the 'advantages and disadvantages,' rejected the plea offer as, 'out of the question,' 'ridiculous' and 'unacceptable.'" (Doc. 213 at 5.)

On the same date he filed his habeas petition, Appellant filed a motion entitled "Motion for an Order Directing the Prosecution Disclose, Records and Information Related to the Confidential Informant's Intimate and Other Relationship with Joel Chavira-Nunez's Ex-Wife Sonia Ramirez." (Doc. 212 (capitalization altered).) In this motion, he alleged his ex-wife, Sonia Ramirez, had "engineered the trumped-up investigation" that led to his prosecution. (Doc. 212 at 7.) He also alleged Ms. Ramirez somehow schemed with the confidential source who had previously been represented by Appellant's counsel of choice in order to force counsel's recusal and thus "derail [Appellant's] defense." (Doc. 212 at 8.) Appellant then alleged that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose Ms. Ramirez's "intimate or other relationship" with the confidential source and her "crimes resulting in the engineering of [Appellant's] trumped up charges." (Doc. 212 at 8.)

The district court denied Appellant's habeas petition, holding that neither of the two claims raised in the petition entitled Appellant to relief. The court did not consider or address Appellant's motion relating to purported *Brady* violations involving his ex-wife. In his request for a certificate of appealability to this court, Appellant contends the district court erred in denying the petition and in failing to consider the merits of his *Brady*-related motion as part of his claim for habeas relief.

We conclude that reasonable jurists would not debate the denial of Appellant's habeas petition. First, based on this court's deferential standard of review for this type of disqualification decision, reasonable jurists would not be persuaded that Appellant was prejudiced by appellate counsel's failure to challenge the district court's disqualification of Appellant's counsel of choice based on his former representation of a confidential source. *See United States v. Evanson*, 584 F.3d 904, 912 (10th Cir. 2009). Second, the record conclusively refutes Appellant's allegations that he only rejected the plea based on counsel's representations that the plea offer was "ridiculous" and not worth considering. To the contrary, Appellant repeatedly complained to the district court that his succession of defense attorneys were all trying to pressure him into pleading guilty. Finally, even if the district court had considered the merits of Appellant's *Brady*-related motion as part of Appellant's habeas claims, reasonable jurists would agree that the allegations in this motion did not entitle Appellant to habeas relief.

We accordingly **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal. Appellant's motion to proceed *in forma pauperis* on appeal is

**GRANTED**.

                                       ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge