**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PETER ANTONIO TUBENS,

Defendant - Appellant.

No. 15-4116
(D.C. No. 2:11-CR-00579-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se* and *in forma pauperis*, Peter A. Tubens appeals the district court's denial of the Motion for Modification or Reduction of Sentence he

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

brought pursuant to 18 U.S.C. § 3582(c)(2). In 2013, Tubens was convicted of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Tubens*, 765 F.3d 1251, 1252 (10th Cir. 2014). On direct appeal, Tubens challenged the trial court's denial of his motion to suppress evidence obtained from his carry-on bag, *id*. at 1254, but did not challenge his mandatory minimum sentence of 240 months' imprisonment and did not challenge his status as a career offender.[1] Tubens's conviction was affirmed by this court. *Id*. at 1257.

On January 28, 2015, Tubens filed the § 3582(c)(2) motion that is the subject of this appeal. In his motion, Tubens argued his sentence should be modified based on changes made to the United States Sentencing Guidelines by Amendment 782. *See* USSG app. C, Amend. 782 (reducing by two levels the base offense levels of crimes involving many of the controlled substances listed in the Guidelines' Drug Quantity Table). The district court denied Tubens's motion.

We review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). A district court, however, does not have unlimited jurisdiction to modify a defendant's sentence. Rather, a district court may only modify a sentence when specifically authorized

---

[1]To the extent Tubens raises a challenge to his status as a career offender under USSG § 4B1.1, that argument is both (1) waived because it was not raised on direct appeal and (2) is not cognizable in a § 3582(c)(2) motion.

to do so by Congress. *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). "The scope of a district court's authority in a [ ]sentencing [modification] proceeding under § 3582(c)(2) is a question of law that we review de novo." *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

"Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003). The Sentencing Commission's policy statement on reducing sentences based on amendments to the Guidelines is clear. It disallows reductions when "an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)." USSG § 1B1.10 cmt. n.1(A). Thus, in the situation where a defendant's sentence is cabined by a statutory mandatory minimum term of imprisonment, a district court lacks jurisdiction to grant the defendant's § 3582 motion. Such is the case here.

The twenty-year sentence Tubens received is the statutory mandatory minimum set out in 21 U.S.C. § 841(b)(1)(A)(viii) for the crime of conviction. That statutory minimum was not affected by Amendment 782 and, thus, the

-3-

Amendment does not have the effect of lowering Tubens's sentencing range. Accordingly, the district court lacked jurisdiction to modify his sentence.

We have reviewed the record, the appellate briefs, and the applicable law and conclude the district court did not err in ruling Tubens was not eligible for a sentence reduction pursuant to § 3582(c)(2). Dismissal for lack of jurisdiction rather than denial on the merits, however, was the appropriate disposition of Tubens's § 3582(c)(2) motion. *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013). We therefore **remand** the matter to the district court with instructions to **vacate** the order denying the motion and enter a new order **dismissing** Tubens's § 3582(c)(2) motion for lack of jurisdiction. Tubens's motion to file a reply brief out of time is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge