FILED
United States Court of Appeals
Tenth Circuit

April 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff -Appellee,

v.

MATTHEW S. IZENBERG,

Defendant - Appellant.

No. 15-4118
(D.C. No. 2:08-CR-00365-DB-1)
(D. Utah)

**ORDER AND JUDGMENT**<sup>*</sup>

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Matthew S. Izenberg appeals from the district court's denial of his motion

for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought a

reduction of his sentence based on Amendment 782 to the United States

Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"). Exercising our

jurisdiction under 28 U.S.C. § 1291, and construing Mr. Izenberg's pro se filings

---

<sup>*</sup>    The parties have not requested oral argument, and upon examining
the briefs and appellate record, this panel has decided that oral argument would
not materially assist the determination of this appeal. *See* Fed. R. App. P.
34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument.

This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate
Procedure 32.1 and Tenth Circuit Rule 32.1.

liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the district court's judgment.

# I

In 2010, Mr. Izenberg pleaded guilty to knowingly and intentionally distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Before his plea was entered, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), alleging that Mr. Izenberg had previously been convicted of four felony drug offenses.[1] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR").[2] The PSR noted that the base offense level for Mr. Izenberg's offense was twenty-two. However, finding that Mr. Izenberg had previously been convicted of four drug-related felonies, the PSR classified him as a "career offender" under U.S.S.G. § 4B1.1. Pursuant to § 4B1.1, the PSR applied a twelve-level enhancement—thus yielding an adjusted offense level of thirty-four. After applying a three-level downward

---

[1]     In doing so, the government obliged the district court—upon a subsequent judicial finding confirming the existence of the prior convictions—to sentence Mr. Izenberg under an elevated statutory punishment regime. *See* 21 U.S.C. § 851(d)(1) ("If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court *shall* proceed to impose sentence upon him as provided by this part." (emphasis added)). Under that regime, Mr. Izenberg was subject to a statutory maximum sentence of thirty years. *Id.* § 841(b)(1)(C) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . .").

[2]     In drafting the PSR, the Probation Office relied on the 2009 version of the Guidelines. Mr. Izenberg does not question that decision on appeal; therefore, as needed, we also use the 2009 version.

adjustment for acceptance of responsibility and assigning Mr. Izenberg a criminal history of VI, the PSR arrived at an advisory Guidelines range of 188 to 235 months' imprisonment.

At sentencing, the district court found that Mr. Izenberg qualified as a career offender. The court sentenced him to 188 months' imprisonment (i.e., the low end of the advisory Guidelines range) followed by 72 months' supervised release. Mr. Izenberg filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that the four prior felonies cited in the government's information "were not proper 'drug felonies' for purposes of enhancement under federal drug laws." R. at 192 (Order Den. Def.'s Mot. to Vacate, Set Aside, or Correct Sentence, dated Feb. 23, 2012). The district court denied the motion, finding "that the drug felonies used to enhance [Mr. Izenberg's] offense level were correctly applied." *Id.*

Mr. Izenberg subsequently filed the instant motion in the district court under 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence pursuant to Amendment 782 of the Guidelines. The district court denied Mr. Izenberg's motion. The court explained: "The defendant is classified as a Career Offender. Accordingly, the defendant may not receive any relief under Section 1B1.10." R. at 216 (Order, dated Aug. 3, 2015). Mr. Izenberg now appeals from the court's denial of his motion for sentence modification.

## II

We review the district court's denial of a motion for sentence modification under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See, e.g.*, *United States v. Osborn*, 679

F.3d 1193, 1195 (10th Cir. 2012).  In doing so, we review de novo the district court's interpretation of a statute or the Guidelines.  *See, e.g.*, *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  Mr. Izenberg argues that the district court abused its discretion when it concluded that Amendment 782 does not authorize a reduction of his sentence pursuant to § 3582(c)(2).  However, we conclude that the district court correctly determined that Amendment 782 does not affect Mr. Izenberg's sentence; its denial of his § 3582(c)(2) motion was thus proper.

Amendment 782 reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses.  *See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). This Amendment became effective on November 1, 2014 and applies retroactively. However, Mr. Izenberg was sentenced as a career offender based on U.S.S.G. § 4B1.1—not pursuant to U.S.S.G. § 2D1.1.  After the district court determined that Mr. Izenberg had been convicted of four prior felony drug offenses, the court was obliged under the Guidelines to impose a twelve-level enhancement under U.S.S.G. § 4B1.1 because the specified offense level for a career offender was "greater than the offense

-4-

level otherwise applicable" (i.e., twenty-two). U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."); *see United States v. Darton*, 595 F.3d 1191, 1192–93 (10th Cir. 2010) ("If a defendant is a career offender, § 4B1.1 instructs the court to compare the § 4B1.1 offense level . . . to the offense level that would apply in the absence of the career-offender provision. If the career-offender offense level is greater than the otherwise applicable offense level, the sentencing court must use the career-offender offense level and assign the defendant a criminal history category of VI." (citations omitted)).

Because Mr. Izenberg was sentenced based on his career offender status—not his otherwise applicable advisory Guidelines range, which was affected by Amendment 782—his motion was properly dismissed. *See United States v. Perez*, No. 15–2150, 2016 WL 827885, at *4 (10th Cir. Mar. 3, 2016) (unpublished) ("[T]here is no doubt that [the defendant's] sentence was based on the career-offender provision, not the Drug Quantity Table in § 2D1.1. And because Amendment 782 did not impact the career-offender provision, [the defendant] has not been sentenced based on a sentencing range that has since been lowered." (citation omitted)); *United States v. Gray*, No. 15–3126, 2015 WL 6468029, at *3 (10th Cir. Oct. 27, 2015) (unpublished) ("Although Amendment 782 retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in [U.S.S.G.] § 2D1.1, it has no effect on sentences . . . calculated by applying § 4B1.1, the career-offender guideline." (footnote omitted)); *accord United*

*States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1. Therefore, [the defendant's] 'applicable guidelines range' was unaffected by Amendment 782."); *cf.* U.S.S.G., suppl. to app. C, amend. 782, at 74 (U.S. Sentencing Comm'n 2014) (commentary to Amendment 782 making clear that "guideline enhancements for offenders who . . . are . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences"); *Darton*, 595 F.3d at 1195, 1197 ("[T]he 'applicable guideline range' . . . is the one calculated via the career-offender provision of § 4B1.1. This range is unaffected by Amendment 706, which only lowers the sentencing range produced by § 2D1.1. . . . Because Amendment 706 does not lower th[e] sentencing range [produced under § 4B1.1], the district court was not authorized to reduce [the defendant's] sentence under § 3582(c)(2).").

In arguing for a contrary result, Mr. Izenberg relies on the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *Booker*, however, cannot lend him succor. In *Booker*, the Court held that the provisions of the Guidelines are not mandatory but merely advisory. *Booker*, 543 U.S. at 245. However, *Booker* has had no impact on the sentence-modification vehicle prescribed by § 3582; in short, it is inapposite. *See, e.g.*, *Dillon v. United States*, 560 U.S. 817, 824–30 (2010) (holding that *Booker* is not applicable to § 3582(c)(2) proceedings); *accord United States v. McGee*, 615 F.3d 1287, 1292–93 (10th Cir. 2010); *see also United States v. Pedraza*, 550 F.3d

1218, 1220 (10th Cir. 2008) (noting that "*Booker* [did] not touch[] § 3582(c)(2)"); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("*Booker* does not provide a basis for a sentence reduction under § 3582(c).").

## III

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Izenberg's motion for sentence modification.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge