**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

EDUARDO CARRILLO-PEREZ,

Defendant – Appellee.

No. 16-2120
(D.C. No. 1: 10-CR-03349-WJ-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

Eduardo Carrillo-Perez pled guilty to conspiracy to possess with intent to

distribute more than 500 grams of methamphetamine in violation of 21 U.S.C.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

§§ 841(a)(1), 846. In 2012, he was sentenced to 120 months imprisonment, the statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A). He did not file a direct appeal.

Subsequently, the United States Sentencing Commission retroactively lowered the base offense levels for certain federal drug crimes (Amendment 782). *See* U.S.S.G. suppl. to App. C, amends. 782, 788. Armed with Amendment 782, Carrillo-Perez filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which allows a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district judge concluded Carrillo-Perez was ineligible for relief under § 3582(c)(2) because he had been sentenced to the statutory minimum, which was not affected by Amendment 782. He dismissed the motion for want of jurisdiction.

Carrillo-Perez's notice of appeal indicates he is challenging the dismissal of his § 3582(c)(2) motion. Yet his appellate brief makes no argument concerning that dismissal. He has waived the only issue he has identified for this appeal. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived. This court has not hesitated to apply this waiver rule to prisoner litigants, even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings.") (citations omitted). But, ironically, he makes other arguments.

His brief raises the validity of his guilty plea and the effectiveness of his trial

counsel.[1] But a defendant cannot use a § 3582(c)(2) appeal to attack his original judgment. *See United States v. Smartt*, 129 F.3d 539, 542-43 (10th Cir. 1997) (stating we have no jurisdiction under § 3582(c) to review defendant's ineffective assistance of counsel claim concerning original sentence and affirming the district court's dismissal of his § 3582(c) motion); *see also United States v. Chatman*, 359 F. App'x 62, 63 (10th Cir. 2010) (unpublished) (declining to review drug quantity amount found at original sentencing; "[i]t is well-established that a defendant cannot use a § 3582(c)(2) motion to collaterally attack his sentence").

Moreover, any attempt to appeal from his conviction would be untimely. *See Smith v. Barry*, 502 U.S. 244, 249 (1992) (an appellant's opening brief is effective as a notice of appeal if it "is timely under [Fed. R. App. P. 4] and conveys the information required by [Fed. R. App. P. 3(c)]"). Judgment was entered on June 18, 2012. The time for appealing from that judgment has long since passed. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring a criminal defendant's notice of appeal to be filed within 14 days of the judgment). While the government has not invoked Rule 4, *see United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007) (Rule 4(b)(1)(A) is an "'inflexible claim-processing rule[ ],' which unlike a jurisdictional rule, may be forfeited if not properly raised by the government"), we may raise it *sua sponte* when the delay has been inordinate. *See United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008) ("Because

---

[1] He also claims his counsel was ineffective on appeal but there was no direct appeal in this case.

Rule 4(b) implicates important judicial interests beyond those of the parties, we hold that this court may raise its time bar *sua sponte*. This power, however, is limited and should not be invoked when judicial resources and administration are not implicated and the delay has not been inordinate."). *Sua sponte* dismissal is appropriate in this case. The appeal was filed inordinately late—four years after judgment.

**DISMISSED**.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge
