**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL CHAVIRA-NUÑEZ,

    Defendant - Appellant.

No. 16-1488
(D.C. No. 1:10-CR-00316-JLK-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

Joel Chavira-Nuñez, proceeding pro se,[1] appeals the district court's denial of his

request for a sentence reduction pursuant to 18 U.S.C. § 3582(c). Exercising jurisdiction

under 28 U.S.C. § 1291, we agree the district court lacked authority to reduce Mr.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Chavira-Nunez proceeds pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

Chavira-Nuñez's sentence, but vacate the district court's order denying the motion and remand for dismissal for lack of jurisdiction. We also deny Mr. Chavira-Nuñez's request to proceed *in forma pauperis*.

## I.  BACKGROUND

In January 2012, a jury convicted Mr. Chavira-Nuñez of Distribution of More than 50 Grams of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) (Count 1) and Distribution of a Mixture and Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 2). The district court sentenced him to 120 months in prison for each count—the mandatory statutory minimum required under 21 U.S.C. § 841(b)(1)(A)(viii)—to be served concurrently.

In May 2012, Mr. Chavira-Nuñez appealed, challenging the district court's refusal to grant him a "safety-valve" adjustment that would have allowed a sentence below the statutory minimum. We rejected his challenge and affirmed his sentence. *United States v. Chavira-Nunez*, 496 F. App'x 885, 888 (10th Cir. 2012).

In September 2013, he filed a motion in district court to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The court denied the motion and we denied a certificate of appealability. *United States v. Chavira-Nunez*, 563 F. App'x 651, 652 (10th Cir. 2014).

Mr. Chavira-Nuñez then filed a motion in district court to reduce his sentence under 18 U.S.C. § 3582(c),[2] arguing that: (1) the Sentencing Guidelines are now advisory, rather than mandatory; (2) the court could reduce his sentence under 18 U.S.C. § 3553(a); (3) his status as a deportable alien restricts him from participation in prison programs that could reduce his sentence, favoring resentencing; and (4) that a proposed bill in the U.S. House of Representatives, H.R. 3382,[3] would reduce mandatory minimum sentences. The court denied the motion, concluding that none of Mr. Chavira-Nuñez's arguments support a sentence reduction under § 3582(c).

Mr. Chavira-Nuñez timely filed the instant appeal.

## II. **DISCUSSION**

Mr. Chavira-Nuñez raises two issues on appeal.

First, he attempts to argue that his trial counsel's assistance was ineffective under the Sixth Amendment. He had already raised this argument in his September 2013 § 2255 motion, *Chavira-Nunez*, 563 F. App'x at 652, which was denied, and he does not qualify for a second § 2255 motion.[4] To the extent he makes his ineffective assistance of

---

[2] Mr. Chavira-Nunez's motion is titled, "Motion Pursuant to HR 3382 Modification of Sentence under the Mandatory Minimum of 120 Months," but he invoked the district court's power to modify or correct a previously imposed sentence under 18 U.S.C. § 3582(c).

[3] The Smarter Sentencing Act of 2013 (H.R. 3382) proposed a reduction of statutory mandatory minimum sentences, but it had not been enacted. *See* https://www.congress.gov/bill/113th-congress/house-bill/3382.

[4] *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("A prisoner may not file a 'second or successive' motion under § 2255 unless it is 'certified . . . by a panel of the appropriate court of appeals to contain . . . newly

counsel argument to support his request for a sentence reduction under § 3582(c),[5] we lack jurisdiction to consider it.

Second, he requests a sentence reduction under § 3582(c) based on Amendment 782. We also lack jurisdiction to consider this argument.

### A. *Standard of Review*

"We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (citing *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008)). The scope of a district court's authority to reduce a sentence under § 3582(c)(2), however, is a question of law we review de novo. *Id.*

### B. *Legal Background*

A district court is authorized to modify a defendant's sentence only when Congress has expressly granted the court jurisdiction to do so, *United States v. Gay*, 771 F.3d 681, 686 (10th Cir. 2014), which Congress did in § 3582(c), *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014).

---

discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" (citing 28 U.S.C. § 2255 ¶ 8)).

[5] "[W]hen a motion for a sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (alterations and quotations omitted). Thus, because "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal," *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc), and Mr. Chavira-Nuñez has not met the requirements for a second § 2255 motion, we must consider his argument under § 3582(c).

Section 3582(c) permits a district court to modify a sentence in three circumstances: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the United States Sentencing Commission has lowered the Sentencing Guideline range. § 3582(c); *United States v. Henriquez-Serrano*, 327 F. App'x 766, 768 (10th Cir. 2009) (unpublished).[6]

"To be eligible for a sentence reduction under the third circumstance, § 3582(c)(2), the applicable Guidelines range must have been lowered by an amendment to the Guidelines listed in § 1B1.10(d) of the Guidelines Manual." *United States v. Washington*, 655 F. App'x 714, 716 (10th Cir. 2016) (unpublished) (citing U.S.S.G. § 1B1.10 cmt. n.1(A)). If an amendment applies, the court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," so long as the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *Lucero*, 713 F.3d at 1027.

## C. *Analysis*

### 1. **Ineffective Assistance of Counsel**

Mr. Chavira-Nuñez argues for the first time on appeal that his trial counsel was ineffective for failing to recommend that Mr. Chavira-Nuñez enter a plea deal rather than

---

[6] We find the reasoning of the unpublished cases cited in this order instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

go to trial.[7]  Because his ineffective challenge is not one of the three § 3582(c) circumstances, *Henriquez-Serrano*, 327 F. App'x at 768, we lack jurisdiction to consider it.

Our case law establishes that we have no jurisdiction under § 3582(c) to review an ineffective assistance of counsel claim.  *United States v. Smartt*, 129 F.3d 539, 542-43 (10th Cir. 1997) (stating that "[w]e have no jurisdiction under section 3582(c)" to consider defendant's ineffective assistance of trial counsel's arguments); *United States v. Carrillo-Perez*, 670 F. App'x 658, 659 (10th Cir. 2016) (unpublished) (refusing to consider defendant's ineffective assistance of trial counsel argument because "a defendant cannot use a § 3582(c)(2) appeal to attack his original judgment.").

Although a § 3582 motion is a continuation of a prior criminal proceeding, the relief it offers is limited to the narrow sentencing issues prescribed in the statute itself. *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996).  "[I]t cannot be used to create a new vehicle for a collateral attack on a conviction," such as an ineffective assistance of counsel challenge.  *United States v. Verners*, 136 F. App'x 142, 145 (10th Cir. 2005) (unpublished) (citing *Smartt*, 129 F.3d at 542-43); *United States v. Hahn*, 359 F.3d 1315, 1327 n.13 (10th Cir. 2004) ("Generally, we only consider ineffective

---

[7] Mr. Chavira-Nuñez did not raise this argument to the district court in his "Motion Pursuant to HR 3382 Modification of Sentence under the Mandatory Minimum of 120 Months," and has not sought plain error review on appeal.  Thus, even with jurisdiction, we would not consider this argument.  *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015) ("Because [appellant] did not raise this issue in federal district court, we consider the argument forfeited. . . . Ordinarily, we would consider the forfeited argument under the plain-error standard. . . . But [appellant] has not asserted plain error.  Thus, we do not engage in plain-error review." (quotations and citations omitted)).

assistance counsel claims on collateral review."). We thus lack jurisdiction to consider Mr. Chavira-Nuñez's ineffective assistance of counsel argument.

2. **Sentence Reduction**

Mr. Chavira-Nuñez contends the district court erred by denying his motion for a sentence reduction. He argues that his sentence should have been reduced under Amendment 782, which retroactively "reduce[d] the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Izenberg*, 645 F. App'x 614, 617 (10th Cir. 2016) (unpublished). We disagree with Mr. Chavira-Nuñez's argument.

A statutory minimum sentence generally precludes a sentence reduction under § 3582(c)(2). *Lucero*, 713 F.3d at 1027. A sentence reduction under § 3582(c)(2) "is not authorized and is not consistent with U.S.S.G. § 1B1.10's policy statement if an applicable amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *Id.* (citing U.S.S.G. § 1B1.10 cmt. n.1(A) (2011)) (alterations and ellipses omitted). "Thus, in the situation where a defendant's sentence is cabined by a statutory mandatory minimum term of imprisonment, a district court lacks jurisdiction to grant the defendant's § 3582 motion." *United States v. Tubens*, 644 F. App'x 861, 862 (10th Cir. 2016) (unpublished).

Mr. Chavira-Nuñez's sentence was based on the statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(A)(viii). U.S.S.G. § 1B1.10's policy statement therefore

does not authorize a sentence reduction under § 3582(c)(2).  As explained above, Mr. Chavira-Nuñez was convicted of violating 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), and the district court sentenced him to the 120-month mandatory minimum required by 21 U.S.C. § 841(b)(1)(A)(viii).  ROA Vol. 3 at 547 ("[C]ongress has established a minimum sentence, so, there's no sense in my following the guidelines when the [C]ongress of the United States has proscribed a given sentence").

As this court said recently, "[t]hat statutory minimum was not affected by Amendment 782 and, thus, the Amendment does not have the effect of lowering [the defendant's] sentencing range."  *Tubens*, 644 F. App'x at 862.  Because the statutory minimum controlled Mr. Chavira-Nuñez's sentence, § 841(b)(1)(A)(viii), no Guidelines amendment could lower his sentencing range.

### III.  **CONCLUSION**

We lack jurisdiction to consider Mr. Chavira-Nuñez's ineffective assistance of counsel claim.  The district court properly concluded it lacked authority to reduce Mr. Chavira-Nuñez's sentence under § 3582(c).  But rather than deny his motion on the merits, the court should have dismissed it for lack of jurisdiction.  *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013); *United States v. Laster*, 659 F. App'x 468, 473 (10th Cir. 2016) (unpublished).  We vacate the district court's order denying Mr. Chavira-Nuñez's motion and remand with instructions to enter an order

dismissing for lack of jurisdiction.  We also deny Mr. Chavira-Nuñez's request to proceed *ifp*.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge
