**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHRISTIAN CASTILLO-ARMENT,

     Defendant-Appellant.

No. 11-1250

(D.C. No. 1:10-CR-00446-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **GORSUCH** and **MATHESON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Christian Castillo-Arment, a federal prisoner, appeals his conviction and sentence for conspiracy to distribute and to possess with an intent to distribute five or more

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and for distribution and possession with an intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II), and 18 U.S.C. § 2. Castillo-Arment argues that the evidence at trial was insufficient for the jury to find him guilty on the conspiracy count. He also argues that the district court erred in applying a two-level enhancement for a supervisory role in the conspiracy. The government argues the evidence was sufficient to support the conviction, but concedes the district court erred in applying the enhancement. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm Castillo-Arment's conspiracy conviction, but we remand with directions to vacate his sentence and resentence.

**I**

On January 5, 2012, in the District of Colorado, a jury convicted Castillo-Arment of conspiracy to distribute and to possess with an intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and for distribution and possession with an intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II) and 18 U.S.C. § 2.

This case began when the government employed a confidential informant (CI) to help them investigate a drug ring run by Marlon Manchame in Baltimore, Maryland. Manchame sent the CI from Baltimore to Denver, Colorado, to pick up roughly thirty kilograms of cocaine, transport the cocaine to Atlanta, Georgia, and finally bring cash from Atlanta back to Baltimore. Based on testimony from government witnesses, while

2

the CI was in route from Baltimore to Colorado, he received two calls from Castillo-Arment asking about his planned arrival in Denver. The CI called Castillo-Arment when he arrived in Denver, and Castillo-Arment arranged to meet him in a Wal-Mart parking lot. Castillo-Arment got into the car with the CI, and together they drove to a car parts store, where Castillo-Arment and the CI inspected areas in the car where drugs could be concealed. The two next traveled to a hotel, where Castillo-Arment rented a room for the CI. Castillo-Arment then took the CI's vehicle to a drug "stash house" and left the CI at the hotel. That night, Castillo-Arment and the CI spoke by phone regarding Castillo-Arment's plan to pick up the CI the following day to return to him the vehicle which had been loaded with drugs for transport to Atlanta. The next day, Castillo-Arment eventually took the CI back to the CI's vehicle and told him the vehicle was loaded with cocaine. Castillo-Arment told the CI he could leave for Atlanta immediately but instructed him that he was to be accompanied by another man, Aldo Rocha-Acosta, who Castillo-Arment claimed was armed with a gun. The police then intervened to protect the CI. After a subsequent search of the CI's vehicle, more than thirty-two pounds of cocaine were found. Castillo-Arment was arrested a short time later and was found to be carrying a lease for the drug stash house.

After Castillo-Arment's conviction, a probation officer prepared a Presentence Investigative Report that calculated Castillo-Arment's total offense level under the Sentencing Guidelines at thirty-six. The figure resulted from Castillo-Arment's base-level of thirty-two, plus a four-point role-in-the-offense adjustment. The probation

3

officer calculated the four-point enhancement for Castillo-Arment by determining that he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, under USSG § 3B1.1(a). At the sentencing hearing, the district court determined that insufficient evidence supported the four-point enhancement, but the court instead applied a two-point enhancement under USSG § 3B1.1(c) based on Castillo-Arment's role as a manager in the criminal activity. The court found that there was no evidence that the defendant was somehow commanding or managing Rocha-Acosta, but instead based the enhancement on Castillo-Arment's "management" of the CI. Under this calculation, the district court sentenced Castillo-Arment to 151 months. Castillo-Arment timely appeals.

## II

"The sufficiency of the evidence to support a jury's verdict is reviewed de novo. On appeal, we ask only whether taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Keck, 643 F.3d 789, 793 (10th Cir. 2011) (citation and internal quotation marks omitted). "In conducting this review, we may neither weigh conflicting evidence nor consider the credibility of witnesses." Id. (internal quotation marks omitted). "It is for the jury, as the fact finder, to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented." Id. We will reverse only if no rational trier of fact could have found the essential elements of the crime

4

beyond a reasonable doubt. United States v. King, 632 F.3d 646, 650 (10th Cir. 2011).

In the present case, Castillo-Arment concedes that he failed to move in district court for a judgment of acquittal on grounds of insufficiency of the evidence with respect to the conspiracy count. When a defendant fails to raise a claim of insufficiency of the evidence before the district court, the claim is forfeited on appeal and we review the sufficiency of the evidence under the plain error doctrine. United States v. Goode, 483 F.3d 676, 681 (10th Cir. 2007). Under the plain-error doctrine, an appellant "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted). Here, the government argues that there was no error, but rather that overwhelming evidence supported the conviction. We agree.

To prove a conspiracy, the government must show "(1) an agreement with another person to violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, and (4) interdependence among the alleged conspirators." United States v. McCullough, 457 F.3d 1150, 1159 (10th Cir. 2006). "An agreement to violate the law can be inferred by the conduct of the parties, as well as the facts and circumstances of the case. Likewise, the jury may presume a defendant is a knowing participant when he acts in furtherance of the conspiracy's objectives. Interdependence is established when each co-conspirators' actions are necessary to accomplish a common, illicit goal." United States v. Rogers, 556 F.3d 1130, 1138-39

5

(10th Cir. 2009). As detailed in the factual background set forth in Section I of this Order and Judgment, the testimony by the government witnesses establishes beyond a reasonable doubt that Castillo-Arment agreed to violate the law, that he knew the conspiracy was to distribute cocaine, that he was a knowing and voluntary participant in the conspiracy, and that his actions were necessary to accomplish the conspiracy's illicit goal of distributing cocaine. Thus, we affirm Castillo-Arment's conspiracy conviction.

## III

As regards the sentencing issue raised by Castillo-Arment, the government has conceded that the district court erred. The district court enhanced Castillo-Arment's sentence based on a finding that he managed the CI, but the government concedes that USSG § 3B1.1(c) applies only to a defendant who managed a participant in the conspiracy, and the USSG application notes <u>exclude</u> undercover law enforcement officers and others who are not criminally responsible for the commission of the offense from the definition of "participant." USSG § 3B1.1, Cmt. n.1. Thus, the CI was not a participant within the meaning of the sentencing guidelines. The government concedes that it did not prove Castillo-Arment was a manager under USSG § 3B1.1(c), and that the enhancement should not have been applied. This non-harmless error in the guidelines calculation entitles Castillo-Arment to a remand for resentencing.

## IV

Accordingly, we AFFIRM Castillo-Arment's conspiracy conviction, but REMAND with directions to vacate the sentence and resentence.

Entered for the Court


Mary Beck Briscoe
Chief Judge

7