**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTIAN CASTILLO-ARMENT,

    Defendant - Appellant.

No. 15-1268
(D.C. No. 1:10-CR-00446-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

**FACTS**

In 2010, Christian Castillo-Arment was indicted for conspiracy to distribute, and to possess with intent to distribute, five kilograms or more of powder cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)(II); and for distribution, and possession with intent to distribute, five kilograms or more of powder cocaine and for aiding and abetting that offense, in violation of under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II) and 18 U.S.C. § 2. After a two-day trial in 2011, a jury found

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Castillo-Arment guilty on both counts. Because Castillo-Arment's offenses involved at least five kilograms of powder cocaine, Castillo-Arment's convictions triggered a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(ii)(II).

Under the 2010 Sentencing Guidelines, the PSR calculated Castillo-Arment's base offense level as 32 (because the conviction was for between five and fifteen kilograms of cocaine) and his criminal-history category as I. The probation office recommended a four-level enhancement under U.S.S.G. § 3B1.1(a) because Castillo-Arment was an organizer or leader in the scheme. Castillo-Arment objected. Thus, with an adjusted offense level of 36 and a criminal history category of I, the PSR recommended an advisory guideline range of 188 to 235 months' imprisonment. On May 27, 2011, the district court sentenced Castillo-Arment, applying a two-level enhancement under U.S.S.G. § 3B1.1(c), rather than the four-level enhancement under U.S.S.G. § 3B1.1(a). This led to a low-end sentence of 151 months' imprisonment.

On appeal, this court affirmed Castillo-Arment's convictions but vacated his sentence. *United States v. Castillo-Arment*, 497 F. App'x 813 (10th Cir. 2012). We determined that the district court had erred in calculating Castillo-Arment's advisory guideline range because an undercover law enforcement officer, like the confidential informant involved in Castillo-Arment's offense, cannot count as a "participant" under U.S.S.G. § 3B1.1.

On January 11, 2013, the district court resentenced Castillo-Arment, this time without the application of any enhancement under U.S.S.G. § 3B1.1. With Castillo-

2

Arment's base offense level of 32 and criminal history category I, his advisory guidelines range became 121 to 151 months' imprisonment. Neither party objected to the calculation. Castillo-Arment requested a 120-month sentence, a one-month downward variance from the low end of the advisory guidelines range and the mandatory minimum sentence for his crimes. The district court denied the motion for a variance and sentenced Castillo-Arment to 121 months' imprisonment.

On November 1, 2014, the United States Sentencing Commission's Amendment 782 to the Sentencing Guidelines became effective and modified U.S.S.G. § 2D1.1(c)'s Drug Quantity Table. Specifically, the amendment reduced the base offense levels for many federal drug trafficking crimes by two levels. In July 2014, Amendment 788 made Amendment 782 retroactive to sentences already final before Amendment 782 became effective, allowing defendants imprisoned under those final sentences to seek relief under 18 U.S.C. § 3582(c)(2).

The Office of the Public Defender, the Probation Office, and the U.S. Attorney's Office in the District of Colorado all agreed that Castillo-Arment was eligible for a sentence reduction under Amendment 782. Based on Amendment 782, Castillo-Arment's total offense level dropped from 32 to 30. His criminal history category remained category I. His new advisory guidelines range was 97 to 121 months. But because Castillo-Arment's convictions carried a ten-year mandatory minimum term, his advisory guideline range became 120 to 121 months. *See* U.S.S.G. § 5G1.1(c)(2).

3

On October 15, 2015, Castillo-Arment filed an unopposed § 3582(c)(2) motion based on Amendment 782 requesting that the court reduce his sentence from 121 months to 120 months, the mandatory minimum. The motion noted that the parties agreed that no hearing was necessary. On July 16, 2015, the district court granted Castillo-Arment's motion in a written order, sentencing him to 120 months' imprisonment.

On July 28, 2015, 12 days after the entry of the amended judgment, Castillo-Arment submitted a pro se notice of appeal. The notice of appeal was docketed on August 3, 2015, 18 days after the entry of judgment. Castillo-Arment was again appointed counsel from the Federal Public Defender's office. On November 2, 2015, Castillo-Arment sent a letter to this court asking that we permit him to proceed pro se on appeal, apparently because his attorney advised him that he had no viable claim on appeal.

On appeal, Castillo-Arment's appointed counsel has filed an *Anders* brief and moved to withdraw, explaining that she has reviewed the record and relevant case law and determined the appeal to be wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (2007). Castillo-Arment did not file a response. Exercising jurisdiction under 18 U.S.C. § 1291, we affirm and grant counsel's motion to withdraw.

## DISCUSSION

Because defense counsel has submitted an *Anders* brief, our task is to "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing

4

*Anders*, 386 U.S. at 744). "Frivolous means '[l]acking a legal basis or legal merit; not serious; not reasonably purposeful.'" *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) (alteration in original) (quoting *Frivolous*, *Black's Law Dictionary* (8th ed. 2004)). "We review de novo the district court's interpretation of . . . the sentencing guidelines." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)).

At the outset, we address whether Castillo-Arment's pro se notice of appeal is timely. Criminal defendants must file a notice of appeal within 14 days of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A). While Rule 4(b) is not jurisdictional, "the time bar in Rule 4(b) must be enforced when properly invoked by the government." *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (quoting *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008)). "We may raise Rule 4(b)'s time bar *sua sponte*, but this power 'is limited and should not be invoked when judicial resources and administration are not implicated and the delay has not been inordinate.'" *Id.* (quoting *Mitchell*, 518 F.3d at 750). The government has not moved to enforce Rule 4(b)'s time bar and we see no reason to do so sua sponte.

We ordinarily review for an abuse of discretion a district court's denial of a motion under § 3582(c)(2). *Sharkey*, 543 F.3d at 1238. The scope of § 3582, however, is a legal question that we review de novo. *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). Although federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed, they may modify a

5

sentence when statutorily authorized. *Smartt*, 129 F.3d at 540. Section 3582(c)(2) permits a district court to modify a sentence where it has sentenced a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [a defendant's] request." *Smartt*, 129 F.3d at 541.

The district court here followed the correct resentencing procedures as set out in *Dillon v. United States*, 560 U.S. 817 (2010). First, the district court assessed whether the defendant is eligible for a reduction by determining the amended guideline range that would have applied if the amendment had been in effect at the time of the original sentencing (here, Castillo-Arment's resentencing). *Id.* at 827. Second, the district court considered the 18 U.S.C. § 3553(a) factors and determined whether the defendant should receive a reduction based on "the particular circumstances of the case." *Id.*

In his § 3582(c)(2) motion, Castillo-Arment asked for a 120-month sentence, stating that "[t]he re-calculation of the Guidelines and recommended sentence contained herein reflects agreement between the defendant, the United States Probation Office, and the Office of the United States Attorney that the defendant is eligible for relief resulting from Amendment 782 . . . ." R. vol. 1 at 87. Because the mandatory minimum was still in effect, 120 months' imprisonment was the lowest sentence that the district court could give Castillo-Arment as district courts may only go below a mandatory minimum sentence in limited circumstances. *See* 18 U.S.C.

§ 3553(e) and (f). We have been clear in the past that outside those limited circumstances, district courts generally "ha[ve] no discretion to depart from a statutorily mandated minimum sentence under 21 U.S.C. § 841." *United States v. Cornelius*, 696 F.3d 1307, 1326 (10th Cir. 2012); *see United States v. Tubens*, 2016 WL 1320659, at *1 (10th Cir. April 5, 2016) (unpublished) ([I]n a situation where a defendant's sentence is cabined by a statutory mandatory minimum term of imprisonment, a district court lacks jurisdiction to grant the defendant's § 3582 motion.").

In its order, the district court adopted Castillo-Arment's calculations. The court also stated that "[t]aking into account the factors set forth in 18 U.S.C. § 3553(a) and any guideline or statutory reductions, to the extent applicable, the previously imposed sentence of 121 months['] imprisonment is reduced to 120 months . . . ." R. vol. 1 at 94. The district court committed no error.

Finally, any argument that the sentence was substantively unreasonable is frivolous. Castillo-Arment received the sentence he asked for, equivalent to the mandatory minimum. That is certainly not substantively unreasonable.

## CONCLUSION

We affirm the district court and grant counsel's motion to withdraw.

Entered for the Court

Gregory A. Phillips
Circuit Judge

7